UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-155-S-KSF

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                            **OPINION & ORDER**

CHARLES WESLEY COLLINS                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Charles Wesley Collins, to dismiss Counts 3 and 4 of the superseding indictment. [DE # 49] The United States has filed its response objecting to Collins' motion. [DE # 52] For the reasons set forth below, Collins' motion to dismiss will be granted.

**I.     PROCEDURAL BACKGROUND**

On October 4, 2007, a federal grand jury for the Eastern District of Kentucky returned a two count indictment against the defendant, Charles Wesley Collins. Count 1 charges Collins with possession of a firearm by a person subject to a domestic violence order, in violation of 18 U.S.C. § 922(g)(8). Count 2 seeks forfeiture of the guns and ammunition upon which Count 1 is based. Collins entered a plea of not guilty to these charges on October 17, 2007.

Thereafter, on November 2, 2007, a superseding indictment was returned against Collins. Counts 1 and 2 of the superseding indictment charge Collins with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Counts 3 and 4 charge Collins with possession of a firearm by a person subject to a domestic violence order, in violation of 18 U.S.C. § 922(g)(8).

Count 5 seeks forfeiture of the guns and ammunition upon which Counts 1, 2, 3, and 4 are based. Collins plead not guilty to these charges on November 8, 2007.

On February 22, 2008, a competency hearing was held to determine Collins' mental competency to stand trial. Based on argument of counsel and the forensic evaluation and report prepared by Dr. David Shraberg, the Court determined that Collins is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court determined that Collins is mentally competent to stand trail. A trial is currently set for April 9, 2008.

## II. COLLINS' MOTION TO DISMISS COUNTS 3 & 4 OF THE SUPERSEDING INDICTMENT

On March 7, 2008, Collins filed his motion to dismiss Counts 3 and 4 of the superseding indictment which charge him with possession of a firearm while subject to a domestic violence order in violation of 18 U.S.C. § 922(g)(8). This statute provides in pertinent part as follows:

It shall be unlawful for any person

(8) who is subject to a court order that -

(A)   was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B)   restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)   (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; . . .

>   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(8). In his motion to dismiss Counts 3 and 4, Collins argues that the state court's Amended Domestic Violence Order of December 2, 2005 upon which Counts 3 and 4 are based fails to satisfy the statutory requirements of § 922(g)(8)(A) and fails to comport with constitutional due process requirements. Specifically, Collins argues that the state court failed to accord him sufficient notice and an opportunity to participate in the hearing prior to entering the Amended Domestic Violence Order.

**III.   ANALYSIS**

In order to determine whether the state court order upon which Counts 3 and 4 are based complies with statutory and constitutional requirements, the Court must review the state court proceedings. On December 2, 2003, the Fayette County Circuit Court entered a Domestic Violence Order ("DVO") finding, by a preponderance of the evidence, that Collins committed an act or acts of domestic violence or abuse against his spouse, and that the domestic violence may again occur. Based on these findings, the DVO restrained Collins from committing further acts of abuse or threats of abuse and from disposing of, or damaging any property of the parties. The DVO states on its face that it remains in effect until December 2, 2005.[1]

On December 2, 2005, Collins appeared in Fayette Circuit Court, *pro se*, on his motion for an order requiring his then ex-wife to show cause why she should not be held in contempt for comments she made to the parties' minor son, which were recorded by Collins. Collins' ex-wife was not present, but was represented at the hearing by her counsel, Adele Brown. Although this is the

---

[1] Collins argues that the original DVO actually expired on December 1, 2005 based on KRS 403.750(2).

same date that the DVO apparently expired, a hearing on the issue of the expiration of the DVO had not been previously requested or scheduled by either the parties or the court.

Rather, after the judge denied Collins' motion for a show cause order, Brown advised the court that her client, Collins' ex-wife, had informed her the day before that the original DVO was going to expire on December 2, 2005. Brown orally moved the Court to extend the original DVO based on "the circumstances," without any further explanation, testimony, or evidence. Although Collins objected, the court sustained the oral motion on the grounds that it was an "emergency" due to the timing. The Amended Domestic Violence Order, entered on December 2, 2005, serves as the predicate order upon which Counts 3 and 4 of the superseding indictment are based.

## IV.   ANALYSIS

The issue before this Court is whether Collins had sufficient "actual notice" of and an "opportunity to participate" in the hearing prior to entry of the Amended DVO. The Sixth Circuit has addressed the notice requirements of § 922(g)(8) in *United States v. Calor*, 340 F.3d 428 (6th Cir. 2003). In *Calor*, the defendant was served with an *ex parte* restraining order on February 9, 2001 which directed him to appear February 12, 2001 for a hearing on the issue of whether a permanent protective order should be entered. *Id*. at 429. The defendant appeared at the February 12 hearing, with counsel, and requested a continuance, which was granted by the court. Pending the rescheduled hearing, the court extended the terms of the *ex parte* restraining order. Prior to the rescheduled hearing, the defendant was found to be in possession of firearms. The defendant moved to dismiss the indictment on the grounds that he had not yet had an opportunity to participate in the hearing. *Id*.

In determining that the state court order comported with the notice and opportunity requirements of § 922(g)(8), the Sixth Circuit held that the defendant had received actual notice of

the proceeding in the February 9 *ex parte* restraining order which set the hearing for February 12. *Id*. at 431. The Sixth Circuit further held that the defendant had an opportunity to be heard because he could have presented reasons why the court should not enter an order at the February 12 court proceeding, but instead elected, through his attorney, to seek a continuance. As a result, the Sixth Circuit concluded that the second restraining order issued at the conclusion of the February 12 proceeding provided the predicate court order for the charge of possessing a firearm in violation of 18 U.S.C. § 922(g)(8). *Id*.

In reaching this decision, the Court relied on the Seventh Circuit's opinion in *United States v. Wilson*, 159 F.3d 280 (7th Cir. 1998), which required that the underlying hearing provide minimum due process protections in order to satisfy the requirements of § 922(g)(8). In *Wilson*, the defendant was subject to a protective order issued during divorce proceedings. *Id*. at 284. The defendant in *Wilson*, like the defendant in *Calor*, had advance notice of the proposed action when he was served with the initial emergency restraining order. *Id*. at 290. The defendant in *Wilson* was also afforded an opportunity to participate in a "meaningful manner" because at the scheduled follow up hearing, the defendant was allowed to present reasons, either in person or in writing, as to why the order should not be entered. *Id; see also United States v. Lipman*, 369 F.3d 1039, 1042 (8th Cir. 2004)(defendant received actual notice and an opportunity to participate because he appeared before a judge on the appointed day and time and the judge was prepared to hear evidence on the restraining order).

The facts of *Calor* and *Wilson* are certainly distinguishable from this case. Both defendants in *Calor* and *Wilson* had prior notice of the hearing- at least two days - based on emergency protective orders which advised the defendants of the date and time of the subsequent hearing. Collins, on the other hand, was given only moments (barely enough time for the *pro se* defendant

to object), from the time Brown made her oral motion to reissue the DVO until the court sustained the motion and entered the Amended DVO.

While § 922(g)(8) does not define the "notice" and "opportunity to participate" required, constitutional due process requirements must be considered. The Sixth Circuit in *Calor* rejected the defendant's argument based on the fact that he "had an opportunity to be heard in a meaningful manner. . .," *Calor*, 340 F.3d at 341, implicitly recognizing that the minimum due process requirements of notice and opportunity to be heard are necessary components of § 922(g)(8). "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and an opportunity for hearing appropriate to the nature of the case.'" *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). In order to comply with this due process requirement, the notice "must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded." *In re Gault*, 387 U.S. 1, 33 (1967). In this case, the "notice" to Collins was essentially no notice, as the court sustained the oral motion to enter the Amended DVO just moments after it was made.

However, even if the Court were to find that Collins received actual notice of the hearing where the Amended DVO was entered, he was not afforded a meaningful opportunity to participate. The record reflects that the first time Collins was informed that an Amended DVO would be entered was at the show cause hearing on December 2, 2005. There is no evidence that the judge was prepared to hear from either party on the subject of the DVO, or that Collins had any opportunity to object in a meaningful fashion to entry of the amended DVO. Therefore, Collins was not afforded a meaningful opportunity to participate in the hearing.

The fact that the state court considered expiration of the original DVO an "emergency," based

only on the fact that no timely motion had been made earlier, does not eliminate the statutory and constitutional requirements of notice and an opportunity to participate. Moreover, under the rule of lenity, any ambiguity in a criminal statute must be construed in favor of the defendant. *Jones v. United States*, 529 U.S. 848, 858 (2000). 18 U.S.C. § 922(g)(8) prohibits a person from possessing a firearm if he or she is subject to a protective order that was issued after a hearing of which such person received "actual notice" and at which such person had an "opportunity to participate." Because Collins was not afforded actual notice prior to the hearing and because he was not afforded a meaningful opportunity to participate, the Amended DVO of December 2, 2005 cannot serve as the predicate offense for the charges under § 922(g)(8). Accordingly, Collins' motion to dismiss Counts 3 and 4 of the superseding indictment will be granted.

IV.   **CONCLUSION**

For the reasons set forth above, and the Court being fully and sufficiently advised, the Court hereby **ORDERS** as follows**:**

(1)   Collins' motion to dismiss Counts 3 and 4 of the superseding indictment [DE # 49] is **GRANTED**; and

(2)   Counts 3 and 4 of the superseding indictment [DE #20] are hereby **DISMISSED**.

This March 19, 2008.



**Signed By:**

*Karl S. Forester*   KSF

**United States Senior Judge**