UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 5:07-CR-155-KSF |
| ) | No. 5:11-CV-7154-KSF |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| CHARLES WESLEY COLLINS, ) | |
| ) | |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 26, 2011, Movant Charles Wesley Collins filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (D.E. 107). The United States filed a response to the § 2255 motion on April 25, 2011 (D.E. 118), to which Movant has filed a reply (D.E. 123). Pursuant to local practice, this matter was referred to the undersigned for a recommended disposition. 28 U.S.C. § 636(b). For the reasons that follow, Movant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his motion be **DENIED**.

## I.   BACKGROUND

On October 4, 2007, a federal grand jury returned a 2-count Indictment charging that Movant, while subject to a Fayette Family Court Domestic Violence Order, possessed three firearms, in violation of 18 U.S.C. § 922(g)(8). (D.E. 4). Movant was arraigned on this charge on October 17, 2007. (*See* D.E. 10). Then, on November 2, 2007, a 5-count Superseding Indictment was returned charging Movant, in Counts 1 and 2, with possessing a semiautomatic pistol and two firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), and, in Counts 3 and 4, with

possessing a semiautomatic pistol and two firearms while subject to a Fayette Family Court Domestic Violence Order in violation of 18 U.S.C. § 922(g)(8).  (D.E. 20).  Movant was arraigned on the Superseding Indictment on November 8, 2007.  (*See* D.E. 24).  Movant filed a motion to dismiss Counts 3 and 4 of the Superseding Indictment on the grounds that he did not receive "actual notice" and a meaningful "opportunity to participate" at the hearing where the Amended Domestic Violence Order was entered.  (*See* D.E. 49).  The court granted Movant's motion, stating, "18 U.S.C. § 922(g)(8) prohibits a person from possessing a firearm if he or she is subject to a protective order that was issued after a hearing of which such person received 'actual notice' and at which such person had an 'opportunity to participate.'  Because Collins was not afforded actual notice prior to the hearing and because he was not afforded a meaningful opportunity to participate, the Amended DVO of December 2, 2005 cannot serve as the predicate offense for the charges under § 922(g)(8)."  (D.E. 53 at 7).

On April 8, 2008, Movant entered a conditional guilty plea to Count 1 of the Superseding Indictment, charging him with knowingly possessing a firearm, specifically a semiautomatic pistol, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g).  (*See* D.E. 67; D.E. 69).  Movant preserved the right to appeal the district court's denial of his motion to suppress all evidence obtained from law enforcement's entry into the home of his fiancée, including the three firearms seized by law enforcement officers.  (*See* D.E. 69).  The United States agreed to dismiss Count 2 and the Original Indictment.  (*See* D.E. 83).  On June 20, 2008, District Judge Forester sentenced Movant to a term of imprisonment of one year and one day, followed by three years of supervised release.  (D.E. 83).  Thus, the current Motion was filed during Movant's term of supervised release.  (*See* D.E. 107-1 at 2).

Shortly thereafter, Movant appealed the denial of his motion to suppress. (D.E. 87). On January 4, 2010, the Sixth Circuit affirmed the ruling of the district court. (D.E. 105).

Movant then filed the instant petition. (D.E. 107). In his § 2255 motion, Movant asserts four grounds for relief. (*See* D.E. 107; D.E. 107-1). In Ground 1, Movant argues trial counsel rendered ineffective assistance by failing to object to the admission of the predicate offense of Count 1 of the Superseding Indictment because, he alleges, it did not constitute a conviction under Kentucky law. (D.E. 107-1 at 1). In Ground 2, Movant claims appellate counsel[1] rendered ineffective assistance by failing to argue that it was plain error for the trial court to admit the predicate offense of Count 1. (*Id.*). In Ground 3, Movant argues trial counsel rendered ineffective assistance by failing to assert Movant's Sixth Amendment right to cross-examine his fiancée. (*Id.*). Finally, in Ground 4, Movant claims that counsel's ineffective assistance affected the plea process such that his conditional plea of guilty was not made knowingly and voluntarily. (*Id.*). These arguments will be addressed in turn.

## II. DISCUSSION

Generally speaking, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("both the right to appeal and the right to seek post-conviction relief are statutory rights"). For a federal prisoner to prevail on a § 2255 claim, he must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

---

[1] Elizabeth S. Hughes represented Movant at the trial level and on appeal. Thus, both "trial counsel" and "appellate counsel" will be used throughout herein to refer to Hughes.

3

28 U.S.C. § 2255. If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, if the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotations omitted).

### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are an exception to "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504 (2003). Absent a waiver, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* This rule allows for the facts that form the basis of an ineffective assistance of counsel claim to fully develop before a petitioner argues them before a court. *Id.*

Such a claim has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, a defendant is not permitted to second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be

4

considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted).

Under the second component of a claim for ineffective assistance of counsel, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. That is, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A defendant has the burden of making both showings, otherwise "it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. Finally, in appropriate circumstances, prejudice may be considered at the outset. *See id.* at 697 (stating that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

The Court will analyze, in turn, each of Movant's claims of ineffective assistance of counsel.

### i. *Failing to Object to "Admission"[2] of the Predicate Offense on the Ground That It Did Not Constitute a Conviction Under Kentucky Law*

Movant entered a conditional guilty plea to Count 1 of the Superseding Indictment, which charged him with knowingly possessing in and affecting commerce a firearm, specifically a semiautomatic pistol, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). As the predicate offense for Count 1, the United States relied upon a judgment entered by the Whitley Circuit Court on August 17, 1984, finding Movant guilty of third degree burglary (*see* D.E. 54;

---

[2] Of course, there was no trial in this matter. The Court assumes Petitioner challenges, as a matter of law, whether the predicate offense constitutes a felony.

D.E. 107-3), a felony under Kentucky law (Ky. Rev. Stat. § 511.040).  Movant was sentenced to a term of imprisonment of five years on the burglary charge, but his sentence was conditionally discharged.  (*See id.*).  Movant was ordered to serve twelve months in Whitley County Jail, and thereafter to remain under the jurisdiction and control of the Department of Corrections, Division of Probation & Parole, for a period of five years.  (*Id.*).  Movant received credit for time served (thirty-seven days).  (*Id.*).

Movant argues that the judgment of the Whitley Circuit Court does not constitute a "conviction" for the purpose of 18 U.S.C. § 922(g)(1), and therefore, trial counsel was ineffective for failing to object to its "admission" by the United States.  (D.E. 107-2 at 2).  In support of his position, Movant cites to 18 U.S.C. § 921(a)(20), which states that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter [including 18 U.S.C. § 922(g)(1)]."

Movant claims that the 1984 judgment was "set aside," and he gives several reasons for his position.  (*See* D.E. 107-2 at 1-7).  He cites to Kentucky Revised Statute § 533.020(4), which gives the court authority to fix and modify a period of conditional discharge and addresses the completion of such period.  The statute states that "[u]pon completion of . . . the period of conditional discharge, the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and . . . conditional discharge has not been revoked."  Ky. Rev. Stat. § 533.020(4).  Movant seems to interpret the language "finally discharged" to mean that the original charges are dismissed, wiping his slate clean.  To the contrary, both Kentucky case law and the structure of the 1984 judgment suggest that the phrase "finally

6

discharged" means only that the defendant's sentence is complete, and he will be released without having to serve his jail sentence.

As the United States notes, conditional discharge is virtually indistinguishable from probation. *See Pedigo v. Commonwealth*, 644 S.W.2d 355, 358 (Ky. App. 1983). Moreover, the Kentucky Court of Appeals has held that "[i]t is obvious . . . the legislature meant to include both [conditional discharge and probation] in the persistent felony offender law, KRS 532.080." *Id.* Kentucky's persistent felony offender statute provides for enhanced penalties for those who stand convicted of a felony after having been convicted of one or more previous felonies. *See* Ky. Rev. Stat. § 532.080. If, as the Kentucky Court of Appeals has held, conditional discharge qualifies as a conviction for the purpose of the persistent felony offender statute, it follows that it should also be considered a conviction for the purpose of 18 U.S.C. § 921(a)(20), which defines conviction "in accordance with the law of the jurisdiction in which the proceedings were held."

Movant mistakenly equates conditional discharge with pretrial diversion, which allows Kentucky trial courts to dismiss certain charges against defendants who – upon recommendation by the Commonwealth's attorney and approval by the court – successfully complete a diversion program and otherwise qualify to have the charges dismissed. *See* Ky. Rev. Stat. § 533.250. However, Kentucky law clearly distinguishes conditional discharge from pretrial diversion. In *Flynt v. Commonwealth*, 105 S.W.3d 415 (Ky. 2003), the Kentucky Supreme Court stated:

> KRS 533.250 diversion cannot be characterized as simply a sentencing alternative – akin to a sentence of probation or conditional discharge – which is available for the trial court's consideration. *The most significant distinguishing feature is that, unlike a sentence of imprisonment, probation, or conditional discharge, admission into a diversion program permits a defendant who successfully completes diversion to avoid a felony conviction entirely.*

*Flynt v. Commonwealth,* 105 S.W.3d 415, 424 (Ky. 2003) (emphasis added). *See also Davis v. Commonwealth*, No. 2008-CA-001636-MR, 2009 WL 3786365, * 2 (Ky. App. Nov. 13, 2009)

(quoting *Flynt*, 105 S.W.3d at 424); *Tucker v. Commonwealth*, 295 S.W.3d 455, 457 (Ky. App. 2009) ("It should be remembered that Class D Felony Pretrial Diversion is a unique statutory creature, neither fish nor fowl. . . . [I]t differs from probation, probation with an alternative sentencing plan, shock probation, or conditional discharge in that it provides one of the few opportunities under Kentucky law for a qualified defendant to enter a guilty plea or an *Alford* plea to a qualified felony charge and yet, upon successful completion of the pretrial diversion period, not be branded with a felony conviction for the rest of his days.").

Although Movant cites to several Kentucky cases in which the court postponed entry of judgment and placed the defendant on probation (*see* D.E. 107-2 at 6), none of these cases stand for the proposition that a sentence of probation or conditional discharge does not qualify as a conviction under Kentucky law. Indeed, *Jordan v. Commonwealth*, 371 S.W.2d 632, 635 (Ky. 1963), cited by Movant, states that "[p]robation is not tantamount to a pardon." Movant also directs the Court to *United States v. Hill*, 210 F.3d 881 (8th Cir. 2000) and *United States v. Solomon*, 826 F.Supp. 1221 (E.D. Mo. 1993). Both cases apply Missouri law, and as the Court previously noted, 18 U.S.C. § 921(a)(20) defines conviction according to the law of the jurisdiction in which the proceedings were held; therefore, Kentucky law applies to determine whether the burglary is a felony, and these cases cited by Movant are therefore inapposite.

The 1984 judgment rendered by the Whitley Circuit Court clearly qualifies as a conviction for the purpose of 18 U.S.C. § 922(g)(1). Therefore, trial counsel was not deficient for failing to raise an argument to the contrary. Movant cannot satisfy the first prong of the *Strickland* test, and his claim of ineffective assistance as to Ground 1 fails.

Although the Court finds that trial counsel was clearly not deficient, the Court notes that Movant has also failed to show prejudice. In order to establish prejudice in the guilty plea

context, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Griffith v. United States*, 330 F.3d 733, 737 (6th Cir. 2003). By Movant's own admission, his disagreement with trial counsel over the admission of the 1984 burglary judgment arose well before his decision to plead guilty. In the attachment to Movant's § 2255 motion, he states, "During the pre-trial stage Collins did not stipulate to the predicate offense as being one constituting a conviction. The government filed notice of Collins [sic] refusal to stipulate with the court. Collins maintained at all times to counsel that upon information and belief he was not a convicted felon under Kentucky law." (D.E. 107-1 at 1). Movant could have persisted in his belief that he was not a convicted felon and gone to trial. Instead, he chose to plead guilty, and he admitted during the plea colloquy that he had been convicted of a crime punishable by a term of imprisonment exceeding one year:

> THE COURT: And prior thereto, you had many years ago been convicted of a felony in Whitley County, Kentucky?
>
> THE DEFENDANT: Yes, Your Honor.

(D.E. 101 at 10:14-16).

Movant knowingly, voluntarily, and intelligently chose to plead guilty despite acknowledging that he disagreed with counsel over whether he was a convicted felon. Thus, he cannot show that but for counsel's performance, he would not have pleaded guilty.

Movant cannot show that counsel's performance was deficient or that he was prejudiced by it, and his claim of ineffective assistance of counsel as to Ground 1 fails.

### ii. *Failing to Argue It Was Plain Error for the Trial Court to Admit the Predicate Offense*

Movant alleges, in Ground 2, that appellate counsel rendered ineffective assistance by failing to argue that it was plain error for the trial court to conclude that the 1984 burglary

9

judgment was a conviction for the purpose of 18 U.S.C. § 922(g)(1). (*See* D.E. 107-2 at 2-7). As described in Part II.A.i, the burglary judgment *was* such a conviction. Counsel was not deficient for failing to raise a frivolous issue on appeal.

In addition, Movant cannot show he was prejudiced by appellate counsel's failure to argue that the trial court committed plain error, because to do so would require a showing that any appeal with respect to this issue would have succeeded. *See Wellman v. Chaleau*, 89 F.3d 837, *2 (6th Cir. 1996) (unpublished table decision). Given that the 1984 burglary judgment rendered by the Whitley Circuit Court clearly constitutes a conviction for the purpose of 18 U.S.C. § 922(g)(1), any appeal with respect to this ruling almost certainly would *not* have succeeded, meaning there is virtually no probability of a different outcome if such an issue were raised on appeal. Therefore, Movant cannot show he was prejudiced by appellate counsel's performance.

Movant cannot satisfy either prong of the *Strickland* test, and Ground 2 as to ineffective assistance of counsel fails.

### iii. *Failing to Assert Movant's Sixth Amendment Right to Cross-Examine His Fiancée*

Movant argues that trial counsel rendered ineffective assistance by failing to assert Movant's Sixth Amendment right to cross-examine his fiancée, Tiffany Morefield. (*See* D.E. 107-2 at 8-9). Movant does not specify at what point during the proceedings he wished to cross-examine Morefield; rather, he appears to generally assert that he had the right to cross-examine Morefield with respect to statements and testimony given to law enforcement officers. (*See id.* at 8). He alleges that Morefield's testimony would have rebutted the claim that he knowingly possessed the firearm listed in Count 1 of the Superseding Indictment. (*Id.*).

While somewhat confusing, Movant appears to claim that although Morefield stated that he gave her the pistol (described in Count 1), he never actually or constructively possessed it. (*Id.*). He claims that he could have elicited through cross-examination that Morefield meant he gave it to her as a gift, rather than physically handed it to her. (*Id.*). Movant states that the pistol was discovered by Morefield in a box of belongings left behind by Movant's former spouse, and Movant told Morefield that she could have it. (*Id.* at 8-9).

### a. Trial Counsel's Performance Was Not Deficient

Regardless of the procedural context, Movant cannot show that counsel was deficient for failing to "cross-examine" Morefield because even if, as Movant suggests, Morefield would have testified that Movant gave her the pistol as a gift, the evidence still suggests that Movant knowingly possessed it. In *United States v. Jones*, 121 F.3d 710, *5 (6th Cir. Aug. 5, 1997) (unpublished table decision), the Sixth Circuit stated:

> Whether [the defendant] owned one or all of the firearms seized by the police is irrelevant to the question of possession under § 922(g). Both actual and constructive possession satisfy the possession element of § 922(g). Actual possession exists when a person has immediate possession or control of an object, and constructive possession exists when a person exercises ownership, dominion, or control over an item or dominion over the premises where the item is located.

(citations omitted).

The pistol was found in the former marital house of Movant and his ex-spouse. (D.E. 107-2 at 8, n.8). Thus, it is reasonable to believe that Movant had dominion over the premises where the pistol was found. Movant also exercised control over the pistol by offering it as a gift to Morefield. The facts, even as Movant claims them to be, suggest that Movant had constructive possession over the pistol. It is irrelevant whether Movant physically handed the pistol to Morefield, as this is not a required element of possession. Trial counsel was not

11

deficient for failing to "cross-examine" Morefield on this issue when her testimony would not have rebutted the claim that Movant possessed the pistol.

In addition, as the United States notes, trial counsel *did* attempt to cross-examine Morefield at the suppression hearing, but she invoked her Fifth Amendment right not to testify. (*See* D.E. 71 at 35:5-36:2; D.E. 105 at 3). Counsel could not force Morefield to testify, and thus, her performance was not deficient.

### *b. Movant Was Not Prejudiced By Trial Counsel's Actions*

Furthermore, Movant cannot show that he was prejudiced by counsel's failure to "cross-examine" Morefield. In order to establish prejudice in the guilty plea context, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59; *Griffith,* 330 F.3d at 737. Movant fails to meet his burden to show a reasonable probability that he would not have pleaded guilty had counsel "cross-examined" Morefield. In order to show prejudice resulting from counsel's failure to interview or call certain witnesses, Movant must "provide . . . information regarding 'what witnesses should have been examined more fully or what additional witnesses should have been called.'" *Campbell v. United States*, 364 F.3d 727, 734 (6th Cir. 2004). *See also United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on [sic] affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Movant has failed to attach an affidavit from Morefield specifying how she would have testified. Instead, he offers precisely the type of self-serving speculation that courts have found insufficient to support a claim of ineffective assistance of counsel.

Movant also cannot show that he suffered any prejudice because Movant admitted to possessing the semiautomatic pistol charged in Count 1 of the Superseding Indictment at the rearraignment proceeding (*see* D.E. 101 at 9:4-10:9). During the plea colloquy, the following exchange took place:

> THE COURT: All right. So that on or about the date mentioned in the indictment, you knowingly possessed the Raven Arms pistol; is that correct?
>
> THE DEFENDANT: Yes, Your Honor.

(*Id.* at 10:10-13). The Supreme Court has noted that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73-74. Movant has failed to overcome this presumption of veracity.

Movant is unable to show that counsel's failure to cross-examine Morefield was deficient or that he suffered prejudice as a result of counsel's actions. Therefore, Ground 3 as to ineffective assistance of counsel fails.

### *iv. Counsel's Performance Was Not Ineffective and Therefore Did Not Affect the Outcome of The Plea Process*

In what is labeled as Movant's fourth ground for relief, he argues that counsel's ineffective performance affected the outcome of the plea process, resulting in prejudice to Movant. Rather than setting forth any new basis for relief, Ground 4 appears to be a conclusory summation of his previous arguments. As previously described, Movant cannot show that counsel was ineffective or that he suffered any prejudice with respect to Grounds 1-3. Therefore, the Court will recommend that Movant's § 2255 petition be denied.

### B. An Evidentiary Hearing is Not Necessary

Movant has requested an evidentiary hearing on his § 2255 motion. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here, the record conclusively shows that Movant is entitled to no relief, and Movant's request for an evidentiary hearing is denied.

### C. Certificate of Appealability

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). No reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.

### III. CONCLUSION AND RECOMMENDATION

Having reviewed each of Movant's grounds for § 2255 relief, the Court concludes that Movant has failed to make the requisite showing that would entitle him to relief. Therefore, the Court **RECOMMENDS** that Movant's motion to vacate his conviction and sentence (D.E. 107) be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of February, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge